UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GUS STILLS | CIVIL ACTION NO. 25-cv-1428 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| BEST CHICKEN IN SHREVEPORT LLC ET AL | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

**Introduction**

Gus Stills ("Plaintiff"), who is self-represented, filed this civil action against his former employer for alleged wrongful termination and retaliation. The employer, Best Chicken of Shreveport, LLC, has filed a Motion to Dismiss (Doc. 7) that is now before the court. The motion was noticed for briefing, but Plaintiff did not file any response. For the reasons that follow, it is recommended that the motion be granted and that this civil action be dismissed for failure to state a claim on which relief may be granted.

**The Complaint**

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). Plaintiff's complaint is titled Petition for Wrongful Termination. It asserts that the court has federal question jurisdiction under 28 U.S.C. § 1331 because the action arises under federal law, including violations of his "rights to fair employment protections." Plaintiff does not, however, invoke any particular federal employment statutes.

Plaintiff alleges that he was employed by Defendant as a cook at a Church's Chicken location in Shreveport. He was the only cook on duty one day when the manager "experienced a medical episode, passed out, and displayed hostility toward Plaintiff." Afterward, "the manager threatened Plaintiff with termination and sent Plaintiff home." Plaintiff, concerned for workplace safety, contacted law enforcement. Police officers arrived, took statements, and generated a report. The supervisor did not come to the workplace.

Later that day, a supervisor contacted Plaintiff by phone and told him that he was "not permitted to return to work under any circumstances." Plaintiff asserts that his employer "effectively terminated Plaintiff without cause, investigation, due process, or lawful justification." He contends that he was subjected to "wrongful termination in violation of public policy, as retaliation for raising legitimate safety concerns and requesting assistance from law enforcement."

**Rule 12(b)(6) Requirements**

Defendant moves to dismiss the complaint based on Fed. R. Civ. Pro 12(b)(6) for failure to state a claim on which relief may be granted. To avoid dismissal, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not

suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

**Analysis**

Plaintiff's primary allegation is that he was wrongfully terminated in violation of public policy. He appears to believe that his termination was unfair or without good reason, and that such circumstances give rise to a legal claim. But neither federal nor Louisiana law provide a cause of action for wrongful termination or mere unfair treatment in the workplace. When an employee is employed for an indefinite term, Louisiana law allows the employment relationship to be terminated at will by either party. "Reasons for terminations need not be accurate, fair or reasonable." Stephenson v. Lavalco, Inc., 669 So.2d 608, 610 (La. App. 2d Cir. 1996). See also Gilbert v. Tulane University, 909 F.2d 124, 125 (5th Cir. 1990).

There are state and federal statutes that prohibit termination of employment for certain, specified reasons, but Plaintiff has not invoked any such laws or alleged that his termination was based on one of the unlawful reasons listed in those statutes. Mere termination for unfair or incorrect reasons does not give rise to a federal (or state) cause of action. McCoy v. Wade, 2007 WL 1098738, *2 (W.D. La. 2007); Godfrey v. AAB Amusement Co., 2005 WL 2467773, *10 (W.D. La. 2005) ("wrongful termination in violation of public policy is not a cause of action recognized under Louisiana law in the absence of a statutory exception"); and Thomas v. United Rentals, Inc., 2022 WL 17834073, *7 (M.D. La. 2022) (rejecting claim of wrongful termination based on public policy).

Plaintiff also complains that his employer retaliated against him for raising safety concerns and requesting assistance from law enforcement. There is no general "retaliation" cause of action. Brown v. Texas State Univ. Sys. Bd. of Regents, 2013 WL 6532025, *7 (W.D. Tex. 2013). There are several federal and state statutes that contain anti-retaliation provisions in specific situations, but Plaintiff does not invoke any of them or allege facts that appear to state a claim under any of them.

Title VII is perhaps the most well-known employment discrimination law, and it makes it unlawful to discriminate or take an adverse employment action (retaliate) against an employee who has opposed an employment practice made unlawful by Title VII. The employee must show that he engaged in activity protected under the statute. Lewis v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll., 134 F.4th 286, 295 (5th Cir. 2025). "Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." Ackel v. Nat'l Commc'ns, Inc., 339, 385 F.3d 376 (5th Cir. 2003).

Plaintiff has not alleged any facts that suggest he may have engaged in protected activity for which he would be protected against retaliation. To the extent Plaintiff may contend that he was retaliated against for reporting a potential OSHA violation, that claim should also be dismissed. Reporting an employer to authorities for violating OSHA does not qualify as protected activity under Title VII. Washington v. M. Hanna Const. Inc., 299 Fed. Appx. 399 (5th Cir. 2008). Even if Plaintiff intended to bring a claim for retaliation under OSHA, and not Title VII, there is no indication that he has complied with the

procedural prerequisites or alleged facts that would state a claim under the applicable law. See Licona v. Pro. Distribution Ctr., Inc., 2025 WL 2723139, *5 (S.D. Tex. 2025).

There are multiple potential flaws in Plaintiff's complaint, and Defendant has raised others in its motion. It is sufficient, however, to say that the allegations do not state a claim on which relief may be granted. Plaintiff's general assertions of wrongful termination and retaliation simply do not state an actionable claim under federal or Louisiana law.

Accordingly,

It is recommended that Defendant's Motion to Dismiss (Doc. 7) be granted and that all of Plaintiff's claims be dismissed with prejudice for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of December, 2025.

Mark L. Hornsby
U.S. Magistrate Judge